IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PATRICK LEWIS HUBBARD                                                          PLAINTIFF

v.                    Civil No. 5:17-cv-05056

EDGAR GONZALEZ, Rogers
Transport Officer; DETECTIVE
EDDIE WEIMER, Rogers Police
Department; OFFICER T. DEVORE,
Benton County Detention Center (BCDC);
LIEUTENANT R. HOLT, BCDC;
DETECTIVE MIKE DIEHL, Benton County
Sheriff's Office; and SERGEANT MIKE
LIRA, BCDC                                                                     DEFENDANTS

OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Patrick Lewis Hubbard under the provisions of 42 U.S.C. § 1983. Hubbard proceeds *pro se* and *in forma pauperis*. He is incarcerated in the Benton County Detention Center.

This matter is presently before the Court for initial screening of Hubbard's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on November 2, 2016, Hubbard was incarcerated in the Pope County Jail. On that day, Transport Officer Gonzalez took him into custody on a felony warrant and transported him to Benton County, where he was booked into the Benton County Detention Center ("BCDC"). Hubbard alleges Officer Gonzalez lacked authority to do this because he was not a police officer.

Hubbard does not further explain what he means by this statement. He contends Officer Gonzalez caused him to be illegally arrested and falsely incarcerated for months.

With respect to Detective Eddie Weimer, Hubbard alleges he gave Officer Gonzalez a felony warrant for Hubbard and had him taken into custody and confined in a hostile environment. Hubbard alleges Detective Weimer engaged in a conspiracy to falsely imprison him. Hubbard further alleges that after he was booked in, Detective Weimer came to the Benton County Sheriff's Office, got a warrant out of Hubbard's file "that someone forgot to serve and signed it, as if he served it." (Doc. 1, p. 7).

Hubbard alleges Officer Devore allowed him to be booked into the BCDC without the booking detention form being filled out completely or the warrant having been served. Hubbard alleges these actions allowed the false imprisonment to continue.

From November 6, 2016, to the present, Hubbard alleges Lieutenant Holt, Detective Diehl, and Sergeant Lira, each knew that he was being imprisoned based on documents falsified by Detective Weimer, yet did nothing to stop this injustice and instead threatened Hubbard or punished him for "not letting the subject rest." *Id.* at 8. As a result, Hubbard alleges that he has required psychological help, has lost work, has missed time with his family, and has been subjected to a hostile environment. Hubbard seeks to recover compensatory and punitive damages and any other relief to which he may be entitled.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who

is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

In the case at bar, Hubbard argues that his arrest and subsequent incarceration in the BCDC were unlawful. However, Hubbard does not deny that Benton County had a valid felony warrant for his arrest. He alleges in his Complaint that the officer who picked him up from the Pope County Jail and transported him to the BCDC did not have the lawful authority to arrest him. But whether the transport officer was a civilian employee or a certified law enforcement officer is of no consequence here. The Court is not aware of—and Hubbard has not identified—any constitutional provision or law that prohibits transport of a prisoner from one county to another, within the same state, based on the existence of a valid felony warrant. Furthermore, Arkansas law explicitly permits the execution of arrest warrants by law enforcement officers in any county in the state. *See Engleman v. Murray*, 546 F.3d 944, 948 (8th Cir. 2008). Finally, as to Hubbard's claim that Detective Weimer obtained a warrant "out of [his] file," and then signed it after Hubbard

was already booked, the law does not require that an arresting officer have a warrant in his possession at the time of arrest. *See e.g., Moore v. City of Desloge, Mo.*, 647 F.3d 841, 848 (8th Cir. 2011). All claims in this case therefore lack constitutional import and should be dismissed.

### IV. CONCLUSION

Because the Complaint fails to state a cognizable claim under § 1983 and is frivolous, **IT IS ORDERED** that it is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (*in forma pauperis* action may be dismissed at any time due to frivolousness or for failure to state a claim). Judgment will issue separately.

**IT IS SO ORDERED** on this 6th day of July, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE